# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LADONNA K. WATSON,[1]
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-16-0404-A-1

DATE: August 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Hartley David Alley, Esquire, San Antonio, Texas, for the appellant.

Deborah M. Levine, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] On March 29, 2022, the appellant filed a pleading requesting that the Board acknowledge her name change from LaDonna K. Droke to LaDonna K. Watson. Petition for Review File, Tab 6 at 4. Pursuant to the Board's regulations, this pleading was also served on the agency. *Id.* at 5; *see* 5 C.F.R. § 1201.26(b)(2). Accordingly, the case caption and any reference to the appellant herein will reflect this name change. Additionally, the appellant's appeal in the associated case of *Watson v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-X-1, will also reflect this name change. However, the Board is issuing a separate decision in that matter. Any cases previously heard by the Board that are now closed will still reflect the appellant's prior name, LaDonna K. Droke.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1      The agency has filed a petition for review of the addendum initial decision that granted, in part, the appellant's motion for an award of attorney fees in the amount of $82,458.99.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the agency has not established any basis under section 1201.115 for granting its petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED to reduce the total fee award by $100.00 for the reasons outlined below, we AFFIRM the addendum initial decision and award the appellant $82,358.99 in attorney fees.

## BACKGROUND

¶2      Effective May 13, 2016, the agency removed the appellant from the position of Postmaster and from the Federal service based on the charge of unacceptable conduct.  *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-I-1, Initial Appeal File (I-1 IAF), Tab 4 at 16-19.  Specifically, the agency alleged that on a single date, the appellant delayed the delivery of multiple pieces of mail. *Id.* at 16, 20-21.  On May 17, 2016, the appellant filed an appeal with the Board contesting her removal and raising the affirmative defenses of discrimination based on disability, age, and sex; retaliation for engaging in protected activity;

violation of due process; and harmful procedural error.[3] I-1 IAF, Tab 1; *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-I-2, Appeal File, Tab 20 at 2-3.

¶3     After holding a hearing, the administrative judge issued an initial decision finding that the agency met its burden of proving the charged misconduct and a nexus between the charge and the efficiency of the service. *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-I-3, Appeal File, Tab 13, Initial Decision (I-3 ID) at 5-21, 40. However, the administrative judge found that removal exceeded the bounds of reasonableness and mitigated the penalty to a demotion with the least reduction in grade and pay to a position for which the appellant was qualified, along with a 60-day suspension without pay. *Id.* at 40-47. The administrative judge further held that the appellant did not prove any of her affirmative defenses. *Id.* at 21-40. This became the Board's final decision on the appellant's removal appeal and other decided claims, as neither party filed a petition for review. 5 C.F.R. § 1201.113.

¶4     The appellant then filed a motion for an award of attorney fees. *Watson v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-A-1, Attorney Fee File (AFF), Tab 1.[4] After the parties submitted argument and evidence, the administrative judge issued an addendum initial decision, granting, in part, the appellant's motion and ordering the agency to pay her $82,458.99 in a total award. AFF, Tab 12, Addendum Initial Decision (AID) at 1-18.[5]

---

[3] The Board docketed this appeal under MSPB Docket No. CH-0752-16-0404-I-1. The appeal was dismissed without prejudice on two occasions and refiled. I-1 IAF, Tab 41, Initial Decision at 1; *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-I-2, Appeal File, Tab 2, Tab 23, Initial Decision at 1; *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-I-3, Appeal File, Tab 3.

[4] In her motion and subsequent amendments, the appellant sought $102,717.50 in attorney fees and $8,519.97 in expenses, for a total award request of $111,237.47. AFF, Tab 1 at 29, 31, Tab 5 at 26, Tab 8 at 13, Tab 10 at 6.

[5] Of this amount, $79,848.13 is for attorney fees and $2,610.86 is for expenses. AID at 17.

¶5      The agency has filed a petition for review of the addendum initial decision seeking to invalidate the award of attorney fees or, in the alternative, to have the award further reduced.  Petition for Review (PFR) File, Tab 3.  The appellant responded in opposition.  PFR File, Tab 5.

## DISCUSSIONS OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly determined that the appellant was entitled to an award of attorney fees.</u>

¶6      In order to establish entitlement to an award of attorney fees, an appellant must show that:  (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of claimed fees is reasonable.  5 U.S.C. § 7701(g)(1); *Wightman v. Department of Veterans Affairs*, 111 M.S.P.R. 109, ¶ 7 (2009).  As outlined in the addendum initial decision, the administrative judge appropriately found that the appellant established each of these requirements and awarded her attorney fees.  AID at 1-18.[6]

¶7      On review, the agency challenges the administrative judge's finding that the award of fees is warranted in the interest of justice.  PFR File, Tab 3 at 6-13.  In finding that an award of attorney fees is warranted in the interest of justice, the Board generally looks to the *Allen* categories, which, while non-exhaustive, consider whether:  (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits when it brought the proceeding.  *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35

---

[6] In its petition for review, the agency does not contest the findings that the appellant was the prevailing party and that she incurred attorney fees in accordance with an attorney-client relationship.  PFR File, Tab 3 at 4-13.  We find no reason to disturb these substantiated conclusions.  AID at 6-7.

(1980). In this case, the administrative judge focused solely on *Allen* category 5, and found that the agency knew or should have known when it took the removal action against the appellant that it exceeded the limits of reasonableness set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), and thus would be mitigated upon review. AID at 7-11.

¶8    In *Lambert v. Department of the Air Force*, 34 M.S.P.R. 501, 504-07 (1987), the Board held that the penalty is part of the merits of a case, meaning that fees may be warranted in the interest of justice under *Allen* category 5 when all of the charges of misconduct are sustained and the penalty imposed is mitigated, unless the decision to mitigate is based upon evidence that was not presented to the agency before it made its decision. The administrative judge's decision to sustain the single charge of misconduct in this case, while mitigating the removal penalty to a demotion and a 60-day suspension, was based upon evidence and information that was available to the agency's deciding official at the time that she made the determination to remove the appellant. Specifically, the administrative judge's mitigation finding was centered on the *Douglas* factor analysis, including the length of the appellant's service, her lack of a prior disciplinary record, the numerous performance awards and promotions that she received, the absence of notoriety in the misconduct, the failure to show any personal gain or benefit from the misconduct, along with the appellant's rehabilitative potential. I-3 ID at 43-47. The deciding official's lack of knowledge of applicable postal operations was also relevant. *Id.* at 46. In addition, no new information pertaining to mitigation was introduced at the hearing that was unavailable to the deciding official at the time that she made the removal decision.[7]

---

[7] It is also notable that the agency did not contest the administrative judge's decision that the removal penalty was unreasonable, as it did not file a petition for review of the initial decision.

¶9        The cases that the agency cites in its petition for review to support its position that an award of fees is not appropriate in the interest of justice are unpersuasive.  PFR File, Tab 3 at 7-12.  First, the agency points to the decision of the U.S. Court of Appeals for the Federal Circuit in *Dunn v. Department of Veterans Affairs*, 98 F.3d 1308, 1313 (Fed. Cir. 1996), wherein the court stated that *Lambert* did not create a per se rule guaranteeing fees nor does it create a presumption that fees are warranted in cases such as this one.  *Id*. at 8.  Nothing in the addendum initial decision is inconsistent with the court's decision in *Dunn*, as the administrative judge's decision to award the appellant attorney fees in the interest of justice was not due to an erroneous application of a per se rule or presumption.  Rather, the administrative judge found that the evidence of record established that the agency knew or should have known that removal was too severe under the circumstances.  AID at 7-11.

¶10       The agency also cites separate opinions by two previous Board Chairmen in decisions where appellants were awarded attorney fees.  PFR File, Tab 3 at 8-9, 11-12.   Both of these decisions are nonprecedential pursuant to 5 C.F.R. § 1200.3(d), meaning the Board is not required to follow either as binding authority.   Notwithstanding, in *DeShazo v. Department of the Air Force*, 100 M.S.P.R. 604, ¶ 3 (2005) (separate opinion of Chairman McPhie), the interest of justice analysis was grounded wholly in *Allen* category 2—weighing whether the agency action was clearly without merit.  *Allen* category 2 is not a part of the analysis in this instant appeal.  In *Young v. Department of the Navy*, 93 M.S.P.R. 28, ¶¶ 7, 17 (2002) (separate opinion of Chairman Marshall), the then Chairman emphasized the aforementioned holding in *Dunn* and found that, based on the facts of the case before her, "[t]he appellant [had] not even come close to proving by preponderant evidence that the agency knew or should have known that its choice of penalty would not be sustained."  The agency presented no evidence or argument in its analysis of *Young* that causes us to find issue with the overall conclusion of the addendum initial decision in this case.  Thus, we find that the

administrative judge correctly held that the appellant proved that an award of attorney fees and costs was in the interest of justice based on the known or should have known criterion set forth in *Allen* category 5. *See Nickerson v. U.S. Postal Service*, 55 M.S.P.R. 92, 95-96 (1992) (finding that attorney fees were warranted in the interest of justice under *Allen* category 5 where the Board concluded that the removal was unreasonable, mitigating the penalty to a 120 day suspension, and basing such finding on evidence that was not first introduced on appeal).

¶11     In its petition for review, the agency also seeks a further reduction in fees to account for having proved the charged misconduct and a nexus between the charge and the efficiency of the service, along with the appellant's failure to succeed on her affirmative defenses. PFR File, Tab 3 at 6, 12-13. The starting point for the relevant analysis is to take the hours reasonably spent on the litigation and multiply it by a reasonable hourly rate. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 10 (2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This will produce the "lodestar" amount, which the Board will use in determining a fee award. *Lizut v. Department of the Navy*, 42 M.S.P.R. 3, 7-8 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and exclude hours that are excessive, redundant, or otherwise unnecessary. *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 11 (2012). The administrative judge need not automatically accept claimed hours but may disallow hours for duplication, padding, or frivolous claims, and impose fair standards of efficiency and economy of time. *Id.*

¶12     In this case, the administrative judge found that the appellant substantiated her request for 241.2 attorney hours (213.1 hours on the initial appeal plus an additional 28.1 hours for this fee petition), 39.5 attorney travel hours, and 2.5 hours of paralegal time.[8]     AID at 14. The administrative judge also determined that the hourly rates of $400 for attorney work, $150 for attorney

---

[8] The attorney travel hours and paralegal time were accrued during the appellant's initial appeal. AFF, Tab 1 at 13-14, 20-21, 26-28.

travel, and $125 for paralegal work were reasonable. AID at 13. As a result, the lodestar amount for the work done on the appellant's initial appeal was established at $91,477.50,[9] with an additional amount of $11,240[10] for time spent working on this fee petition.

¶13    The lodestar amount can be adjusted upward or downward based on considerations, to include the final disposition of the raised claims. *Driscoll*, 116 M.S.P.R. 662, ¶ 10. Where, as here, a party is entitled to an award of attorney fees but did not succeed on every claim, the most important factor to be weighed is the obtained results. *Id.*, ¶ 21. If a prevailing party raised more than one or more related claim and achieved only partial or limited success, an award for hours reasonably spent on litigation as a whole multiplied by a reasonable hourly rate may be excessive, even if the claims were interrelated, nonfrivolous, and raised in good faith. *Id.*, ¶ 24. In this scenario, the Board has discretion to make an equitable judgment as to what level of reduction is appropriate, by either identifying specific hours to be eliminated or reducing the overall award to account for the limited degree of success. *Id.*

¶14    Here, the administrative judge accounted for the agency proving the charge and a nexus, along with the appellant's failure to succeed on her raised affirmative defenses, when he reduced the lodestar by 25% of the amount of attorney fees accumulated by the appellant in her prevailing initial appeal. AID at 15-16. While the appellant did not succeed on all of her claims, there is significance in the relief that she obtained, as she remained an agency employee, albeit at a demoted level, who served a 60-day suspension, in lieu of being removed. We discern no basis to further reduce the award based on the arguments raised by the agency on review. *See Driscoll*, 116 M.S.P.R. 662, ¶¶ 3,

---

[9] This sum is derived from (213.1 attorney hours x $400 an hour = $85,240) + (39.5 attorney travel hours x $150 an hour = $5,925) + (2.5 paralegal hours x $125 an hour = $312.50).

[10] This sum is derived from (28.1 attorney hours x $400 an hour = $11,240).

28-29 (applying a global reduction of 25% of the lodestar fairly reflected the appellant's limited success of having her removal mitigated to a demotion but failing to prevail on her affirmative defenses); *see also Sprenger v. Department of the Interior*, 34 M.S.P.R. 664, 669 (1987) (holding that the administrative judge who decided the appeal on the merits is often in the best position to determine the reasonableness of attorney fees).

The attorney fee award must be adjusted due to errors in the calculation.

¶15        As outlined above, when calculating the fee to be awarded in the addendum initial decision, the administrative judge reduced the lodestar amount by 25% of the sum of attorney fees accrued by the appellant for the work done on the initial appeal ($91,477.50), which came to $68,608.13. AID at 15-16. The administrative judge then included the full amount of fees accrued in conjunction with this fee petition ($11,240) to reach the amount of $79,848.13. *Id.* at 16. With the substantiated expenses of $2,610.86 added, the administrative judge awarded the appellant $82,458.99 in total fees and costs.[11] *Id.* at 17; *see Garcia v. U.S. Postal Service*, 75 M.S.P.R. 198, 201 (1997) (holding that an award of attorney fees may include reimbursement for counsel's out-of-pocket expenses which are normally charged to a client). While neither party raised the following issues on review, we find errors in the calculation of this award that must now be addressed. *See Jackson v. U.S. Postal Service*, 79 M.S.P.R. 46, 50 (1998) (stating that the Board will not turn a blind eye to a clear and material legal error).

¶16        In the $91,477.50 identified by the appellant as the fees incurred in the initial appeal, the appellant included $600 in fees accumulated for time spent considering petition for review options of the initial decision issued in the initial appeal. AFF, Tab 1 at 28. Undisputedly, neither party filed a petition for review

_____

[11] Neither party disputes on review the amount of expenses awarded to the appellant nor do we find a reason to disturb the administrative judge's finding on the matter. AID at 16-17.

of this initial decision. The Board has held that fees may be awarded for time spent on separate and optional, but factually related proceedings, if, among other things, the work performed significantly contributed to the success of the proceeding. *Driscoll*, 116 M.S.P.R. 662, ¶ 13. These circumstances are not present here, as the appellant's attorney's work pertaining to the consideration of filing a petition for review came after the successful Board appeal and any such petition never came to fruition. As such, a reduction of $600 is appropriate.

¶17     Additionally, the administrative judge also included $1,400 in fees billed for work related to this fee petition in the $91,477.50 amount awarded for work on the initial appeal. AFF, Tab 1 at 29. Because these fees are more appropriately included in the fees from this fee petition work, which receive no adjustment, the $1,400 from the appellant's initial fee petition must be further subtracted from the $91,477.50 and must only be included in the unreduced fee petition award. AID at 16.

¶18     Finally, we note that the appellant also included in her fee petition $2,260 for fees accrued in a compliance related matter, and the administrative judge awarded those fees. AFF, Tab 1 at 28-29; AID at 14. The Board has long held that a request for attorney fees incurred during compliance and enforcement proceedings is premature prior to the issuance of a final decision in the compliance proceeding. *Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 14 (2008). Although compliance proceedings were pending at the time the initial decision was issued in this matter, there was no final compliance initial decision. *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-C-1 Compliance File (CF), Tab 1. Therefore, at the time the initial decision in this matter was issued, it was inappropriate to include fees for work incurred during compliance proceedings absent a final compliance initial decision. *See Galatis*, 109 M.S.P.R. 651, ¶ 14. However, with the passage of time, a compliance initial decision was issued, which granted the appellant's petition for enforcement, and the appellant filed a subsequent motion for attorney fees regarding the

compliance proceedings. CF, Tab 26; *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-A-2 Appeal File (A-2 AF), Tab 1. On December 12, 2019, the administrative judge issued an addendum initial decision in that matter, granting the appellant's motion for attorney fees in the compliance proceedings.[12] A-2 AF, Tab 26. In her motion for attorney fees for the compliance proceedings, the appellant did not include the $2,260 claimed in her motion for attorney fees in the instant matter. Thus, although it was error to initially include the $2,260 in the fee award, such an inclusion is now appropriate, given the final decision in the compliance matter and the absence of the $2,260 from the motion for attorney fees in that matter. Thus, this error does not ultimately affect the outcome of this appeal. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶19    In sum, we must deduct $2,000[13] from the $91,477.50 amount awarded by the administrative judge. In making these proper deductions and then reducing the lodestar amount by 25% as determined by the administrative judge, the total is $67,108.12 for the initial appeal. When then adding in the unadjusted amount of fees accrued in this fee petition ($12,640),[14] the award for attorney fees is

---

[12] On review, the appellant requested that the Board take official notice of the initial decision issued in *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-A-2. PFR File, Tab 6 at 4. Pursuant to 5 C.F.R. § 1201.64, the Board may take official notice of matters of common knowledge or matters that can be verified without requiring evidence to be introduced to establish those facts. As a Board decision in the same appeal family as the instant appeal, the Board takes official notice of the initial decision in *Droke v. U.S. Postal Service*, MSPB Docket No. CH-0752-16-0404-A-2.

[13] This sum was derived from the aforementioned $600 in fees for contemplating filing a petition for review and $1,400 in fees for fee petition work. AFF, Tab 1 at 28-29.

[14] The administrative judge erred when holding that the appellant accrued $11,240 in fees for work on this fee petition. AID at 16. As set forth above, an additional $1,400 in fees from fee petition work were originally included in the initial appeal fee amount.

$79,748.12.  *See Russell v. Department of the Navy*, [43 M.S.P.R. 157](#), 162 (1989) (outlining that time spent on fee petitions is compensable).  In conjunction with the award of $2,610.86 in expenses, the total award that the appellant is entitled to is $82,358.99.

## ORDER

¶20    We ORDER the agency to pay the attorney of record $82,358.99 in fees.  The agency must complete this action no later than 20 days after the date of this decision.  Title 5 of the United States Code, section 1204(a)(2) ([5 U.S.C. § 1204](#)(a)(2)).

¶21    We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order.  The appellant and the attorney, if not notified, should ask the agency about its progress.  *See* [5 C.F.R. § 1201.181](#)(b).

¶22    No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  *See* [5 C.F.R. § 1201.182](#)(a).

---

This $1,400 must be added to the previous unreduced fee petition amount of $11,240, which now totals $12,640.  AFF, Tab 1 at 29, Tab 5 at 25-26, Tab 8 at 13, Tab 10 at 6.

**NOTICE OF APPEAL RIGHTS**[15]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[15] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[16]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[16] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.